

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-13-00001-CV

---

RIG TOOLS, INC., Appellant

V.

WILLIAM PATRICK LEAMER, Appellee

---

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2010-389

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Rig Tools, Inc., has filed a petition seeking permission to appeal an interlocutory order pursuant to Section 51.014(d) of Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §51.014(d) (West Supp. 2012); *see also* TEX. R. APP. P. 28.3(a) (requiring party seeking to pursue permissive appeal of interlocutory order to petition court of appeals for permission to appeal).

Statutes authorizing interlocutory appeals are strictly construed. *W. Dow Hamm III Corp. v. Millennium Income Fund, LLC*, 237 S.W.3d 745, 751 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Section 51.014(d) of the Texas Civil Practice and Remedies Code provides:

> (d)      On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:
>
> (1)      the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and
> (2)      an immediate appeal from the order may materially advance the ultimate termination of the litigation.

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). Texas Rule of Civil Procedure 168, which implements Section 51.014(d), states:

> On a party's motion or on its own initiative, a trial court may permit an appeal from an interlocutory order that is not otherwise appealable, as provided by statute. Permission must be stated in the order to be appealed. An order previously issued may be amended to include such permission. The permission must identify the controlling question of law as to which there is a substantial ground for difference of opinion, and must state why an immediate appeal may materially advance the ultimate termination of the litigation.

TEX. R. CIV. P. 168.

In the instant case, the challenged order fails to grant permission to appeal. Consequently, we lack jurisdiction over this matter.

We deny the petition for an order permitting an interlocutory appeal and dismiss the appeal.

Bailey C. Moseley
Justice

Date Submitted:    January 16, 2013
Date Decided:     January 17, 2013